IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLEN A. STACKHOUSE, #150174, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CASE NO. 2:15-CV-51-WKW |
| | )              [WO] |
| | ) |
| SGT. REN, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Glen A. Stackhouse ("Stackhouse"), an indigent state inmate presently incarcerated at the Ventress Correctional Facility.  In the instant complaint, Stackhouse alleges that sometime in 2013 the defendant accused him of bringing a cell phone into the facility. *Complaint - Doc. No. 1* at 2-3.  Due to the vague nature of this claim, the court entered an order allowing Stackhouse an opportunity to file an amendment to the complaint "which describes how the defendant's accusation [regarding a cell phone] violated the Constitution." *Order of January 23, 2015 - Doc. No. 4* at 1.  Stackhouse failed to file a response to this order within the time allowed by the court.

Upon review of the complaint, the court concludes that this case is due to be

summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

Stackhouse contends that Sgt. Ren made a disparaging accusation against him in 2013. This claim provides no basis for relief.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Ayala v. Terhune*, 195 Fed. Appx. 87, 92 (3rd Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts ... resulting in an inmate being subjected to nothing more than threats and verbal taunts do not

---

[1] The court granted Stackhouse leave to proceed *in forma pauperis* in this cause of action. *Order of January 23, 2015 - Doc. No. 3*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which allow summary dismissal of a prisoner's complaint if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Ivey v. Wilson*, 832 F.2d 950, 954-955 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats by jail officials ... did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983).  In light of the foregoing, it is clear that Stackhouse's challenge to the accusation made by Sgt. Ren is not a cognizable claim and, thus, this case is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before March 10, 2015 the parties may file objections to the

Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    Done this 19th day of February, 2015.

                                           /s/Terry F. Moorer
                                           TERRY F. MOORER
                                           UNITED STATES MAGISTRATE JUDGE